UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DENNIS WAYNE ROSS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:24-CV-386-DCLC-DCP ) |
| UNITED STATES, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Dennis Wayne Ross, a former federal prisoner, filed a (1) complaint under 42 U.S.C. § 1983 and the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)[1] [Doc. 1] and (2) motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* but **DISMISSES** Plaintiff's complaint without prejudice.

I.  **MOTION TO PROCEED *IN FORMA PAUPERIS***

Under 28 U.S.C. § 1915, the Court may generally "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Although the relevant statute specifically references the "assets such ***prisoner*** possesses," the Sixth Circuit has construed the statute to extend to non-

---

[1] *Bivens* extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball*, 168 F.3d 856, 863 n. 10 (5th Cir. 1999)("A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials."), *overruled on other grounds, Castellano v. Fragozo*, 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003).

prisoners who apply to proceed *in forma pauperis*. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275-76 (6th Cir. 1997), *superseded by rule on other grounds as stated in Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999). When assessing whether to permit an individual to proceed without paying the filing fee, the Court is not concerned with whether the applicant is destitute, but rather, "whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). In reaching that determination, the Court considers all the resources potentially available to the applicant, including those of a spouse or other family members. *See Ciavarella v. Comm'r of Soc. Sec.*, No. 5:13-CV-2031, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013) (citation omitted).

Plaintiff's motion to proceed as a pauper, which was drafted "under penalty of perjury[,]" states that Plaintiff has no monthly income and lists monthly expenses of approximately $1,400 [Doc. 2 p. 7, 9]. Accordingly, it appears Plaintiff cannot bear the filing fee in this action without undue hardship, and the Court will **GRANT** Plaintiff's motion [*Id.*].

II.   REVIEW OF COMPLAINT

   A.   Legal Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must conduct an initial review and dismiss any action that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (quotation marks omitted); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997) (holding courts must screen complaints filed by nonprisoners proceeding *in forma pauperis* under § 1915(e)(2)), *overruled on other grounds by Jones v. Brock*, 549 U.S. 199 (2007).

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state

2

a claim under [28 U.S.C. §§ 1915(e)(2)(B)] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

Courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, pro se plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (noting the leniency granted pro se plaintiffs still requires "basic pleading standards"); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is neither "to ferret out the strongest cause of action on behalf of pro se litigants" nor to "advis[e] litigants as to what legal theories they should pursue").

B. **Relevant Allegations of Complaint**

Plaintiff began experiencing severe neck pain in 2013, presumably while he was incarcerated [Doc. 1 p. 2]. He received only minimal treatment, even though he filed numerous sick calls and requested an MRI [*Id.*]. Plaintiff continued to file grievances in 2016 when he was in a half-way house [*Id.*].

In 2021, while Plaintiff was housed in Kentucky's Manchester Federal Correctional Institution ("Manchester FCI"), Plaintiff's "back went out" [*Id.*]. Plaintiff was sent to Cumberland Neurosurgeon Associates in Somerset, Kentucky, in April or May, and the doctor there ordered Plaintiff to undergo a cervical MRI on September 20, 2022 [*Id.* at 5]. The MRI results were received in January 2023[2] and showed "severe stenosis" and cervical impingement, which has caused Plaintiff to lose an inch in height, experience urinary and bowel incontinence, experience muscle atrophy, and to lose flexibility [*Id.*].

Plaintiff also had an MRI performed on his knee in 2013, but he did not get surgery on his knee until he "got out" in May 2024 [*Id.*]. Plaintiff is still having fluid removed from that knee bi-weekly [*Id.*].

Plaintiff "caught" black mold at Manchester FCI and had to have emergency surgery to remove the mold from his sinuses [*Id.* at 6]. Both the Bureau of Prisons ("BOP) and Naphcare Insurance Correctional ("Naphcare") denied Plaintiff surgery until Plaintiff's ear, nose, and throat specialist intervened [*Id.*]. The same is true for Plaintiff's left ankle and right knee surgeries—he only received treatment when specialists intervened [*Id.*].

Plaintiff believes he will have to have a total knee replacement because his neck/back issues have negatively impacted his body alignment and gait [*Id.* at 6, 7]. He walks with a cane and cannot work due to the pain, numbness, and burning sensation he experiences in his legs and feet [*Id.* at 6]. And even though the orthopedist and neurosurgeon ordered Plaintiff to receive weekly therapy for his foot and knee, the BOP and Naphcare only paid for a one-day assessment [*Id.*]. Plaintiff's insurance paid for the therapy [*Id.*].

---

[2] Plaintiff states that the MRI results were received in "Jan 2022" [Doc. 1 p. 5]. The Court assumes this is a scrivener's error.

Plaintiff was sent to Gilmer[3] Federal Correctional Institution ("Gilmer FCI"), "a care level II medical facility" in West Virginia, once the Health Administrator at Manchester FCI saw Plaintiff's neck MRI results and raised Plaintiff's "care level" [*Id.* at 7]. Gilmer FCI was "severely understaffed[,]" and all of Plaintiff's scheduled appointments and surgeries were ignored [*Id.*]. His "provider" Mrs. Morris denied him a bottom bunk pass and cane when he got to Gilmer FCI in late 2022 [*Id.* at 8]. The Manchester FCI Health Administration "denied [him the] same thing" [*Id.*]. Plaintiff only received a bottom bunk when Mrs. Wilson "took heart" and gave him one [*Id.*]. Dr. Anderson, Mrs. Morris, and "HA Thomas" "all said no" [*Id.*].

Dr. James Deweese at Family Day Springs in Knoxville, Tennessee, is "wors[t] of all" [*Id.* at 9]. An ex-BOP physician, he refused to do anything Plaintiff asked [*Id.*]. Dr. Deweese told Plaintiff he did not need ankle and knee surgeries, but Plaintiff has since had those surgeries performed [*Id.*].

Plaintiff's "body is a wreck" [*Id.* at 10]. Along with the medical issues caused by his neck and back, Plaintiff has stage 1 kidney disease and "high liver numbers" due to his years-long daily use of Ibuprofen and Naproxen [*Id.*]. Plaintiff also sees a psychiatrist [*Id.*].

Plaintiff maintains he should not have been medically cleared to leave prison, but he "guess[es] they were trying to save money" by releasing him [*Id.* at 11]. Plaintiff has continued to seek medical treatment since his release [*Id.* at 12-13]. He believes that Dr. James Deweese and Steve Lowe at UT Medical Center "are both conspiring to persuade" Plaintiff that his MRI results

---

[3] Plaintiff refers to this facility as both "Gilmore" and "Gilmer" [*See generally* Doc. 1]. The Court takes judicial notice that "Gilmer" is the correct name. *See* Federal Bureau of Prisons, *FCI Gilmer*, https://www.bop.gov/locations/institutions/gil/index.jsp (last visited Sept. 23, 2024).

are normal [*Id.* at 13]. Mr. Lowe absurdly believes that Plaintiff has ALS [*Id.*]. Plaintiff's specialists think Mr. Lowe is "crazy" [*Id.* at 14].

Plaintiff exhausted his administrative remedies "several times over[,]" even though Unit Manger Clems attempted to block those efforts [*Id.* at 17]. Aggrieved, Plaintiff filed this lawsuit seeking $3 million in monetary damages from approximately two dozen Defendants [*Id.* at 3].

C. Analysis

To state a claim against any Defendant, Plaintiff must establish that a "person" acting "under color of" state or federal law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (requiring state action); *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (noting *Bivens* claim requires federal actor).

1. **Immunity from Suit**

Plaintiff has named the United States, the Department of Justice ("DOJ"), and the BOP as Defendants in this action. But it is well settled that the United States cannot be sued without its consent. *Block v. North Dakota, ex rel. Bd. of University & School Lands*, 461 U.S. 273, 280 (1983). Therefore, sovereign immunity precludes Plaintiff's suit against the United States. And a *Bivens* claim is not authorized against a federal agency. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994). Therefore, Plaintiff may not assert relief for violation of his constitutional rights against these entities, and the United States, the DOJ, and the BOP will be **DISMISSED**.[4]

2. **Improper Joinder and Venue**

---

[4] The Court notes that the United States has given limited consent to be sued in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), but any FTCA action must be grounded in state, not federal, law. *See, e.g., Brown v. United States*, 653 F.2d 196, 198–202 (5th Cir. 1981).

6

Plaintiff's complaint contains claims against Defendants associated with Manchester FCI, Gilmer FCI, and Naphcare Insurance Correctional (presumably a private corporation facilitating inmate health care). And while a plaintiff may join as many claims as he has against an opposing party under Rule 18(a) of the Federal Rules of Civil Procedure, Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Therefore, Rule 20 does not permit a plaintiff to join unrelated claims against different defendants in one lawsuit. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.").

Plaintiff's complaint impermissibly attempts to join claims stemming from separate occurrences at separate prisons. And aside from these claims being improperly joined, this District is not the proper venue to consider Plaintiff's claims arising from incidents that occurred while he was housed in Manchester FCI or Gilmer FCI. *See* 28 U.S.C. § 1391(b).[5] Therefore, Plaintiff's

---

[5] The federal venue statute provides:
A civil action may be brought in—
(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
28 U.S.C. § 1391(b)(1)-(3).

claims against Defendants Manchester FCI Medical Staff, Naphcare Insurance Correctional, Jane/John Doe Wardens, L. Cordero, Mrs. Hensley, Casey Sizemore, Kenneth Gomez, A. Wilson, M. Moubark, Gilmer FCI Medical Staff, Gilmer FCI Warden, Gilmer FCI Assistant Warden, Mrs. Thomas, Mrs. Morris, Eddie Anderson, Emory McCoy, Edward Perkins, and Unit M. Clems, based on events occurring while Plaintiff was incarcerated at Machster FCI and Gilmer FCI, will be **DISMISSED** without prejudice due to improper joinder and improper venue.

### 3. Plaintiff Cannot Sustain a § 1983 or *Bivens* Action on Facts Alleged

Further, to state a claim against the named Defendants in their respective individual capacities, Plaintiff must adequately plead that each Defendant, through his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). This requirement exists because constitutional liability cannot attach to a Defendant solely based on his or her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor"). Aside from the fact that they are improperly joined in this action, Plaintiff's complaint contains no factual allegations of wrongdoing against Defendants Jane Doe, John Doe, L. Cordero, Mrs. Hensley, A. Wilson, Casey Sizemore, Kenneth Gomez, Emory McCoy, Edward Perkins, M. Moubark, Gilmer FCI Warden, Gilmer FCI Assistant Warden, and these Defendants are otherwise entitled to be **DISMISSED**.

8

This leaves Plaintiff's claims against Dr. James Dewesse with Day Springs Family Care in Knoxville, Tennessee, and Steve Lowe with UT Medical Neurosurgeons in Knoxville, Tennessee.[6] But Plaintiff's disagreement with their assessments or choice of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983. *See, e.g., Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976))). Thus, Plaintiff cannot maintain a federal cause of action against Defendants for medical negligence or incompetence, because injuries caused by such conduct do not deprive Plaintiff of a constitutionally protected interest. *See Daniels v. Williams*, 474 U.S. 327 (1986) (holding negligence does not state § 1983 cause of action); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Even so, the Court finds that Plaintiff has not alleged any facts suggesting that either Defendants Deweese or Lowe acted under color of state or federal law so as to render either subject to liability under § 1983 or *Bivens*. *See Phillips v. Tangilag*, 14 F.4th 524, 533 (6th Cir. 2021) (providing private party does not become a state actor "simply by caring for prisoners"). Accordingly, Plaintiff has failed to state a claim against Defendants Deweese or Lowe, and these Defendants will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

---

[6] The Clerk has listed "Knoxville, TN" as an independent Defendant, but it is apparent from Plaintiff's complaint that he did not intend to sue this municipality, but rather, to identify Dr. Deweese's location [Doc. 1 p. 1]. Therefore, the Clerk is **DIRECTED** to terminate this Defendant on the docket.

9

Case 3:24-cv-00386-DCLC-DCP   Document 4   Filed 10/01/24   Page 9 of 10   PageID #: 51

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Plaintiff's complaint will be **DISMISSED** without prejudice for improper joiner and venue, and for failure to state a claim upon which relief may be granted;

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Judge